UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM G. NELSON IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 07 C 4825 |
| | ) | |
| DAVID K. WELCH, and CRANE, | ) | |
| HEYMAN, SIMON, WELCH & CLAR, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiff William Nelson to remand this matter to the Circuit Court of Cook County or in the alternative for abstention. For the reasons set forth below, the motion is denied in its entirety.

## BACKGROUND

According to the allegations of the first amended complaint, Nelson is a former investor in a company called Repository Technologies, Inc. ("RTI"). Between 2002 and 2004, he loaned $1,740,000 to RTI and was granted a senior security interest in all of RTI's assets, though the complaint does not state when this occurred. On April 11, 2006, Nelson served notice on RTI that he would declare a default unless RTI paid all

accrued and unpaid interest on his loan contract within 15 days of receiving the notice. Fourteen days later, RTI filed a voluntary petition for Chapter 11 bankruptcy.

The bankruptcy filings indicate that RTI had 20 creditors holding unsecured claims that ranged between $5,000 and $42,000. Approximately three months after filing its Chapter 11 petition, RTI filed an adversary complaint against Nelson, alleging that he was the former chief executive officer of RTI and had made various loans and advances totaling $1,740,000 as a junior secured creditor. A senior security interest was held by West Suburban Bank for an October 2004 loan in the amount of $202,461. On April 10, 2006, Nelson bought the loan from West Suburban Bank and thus became the senior, and only, secured creditor of RTI. As indicated above, the following day he notified RTI through its president, James Emerson, that he would declare a default on the $1,740,000 loan if the $509,687 of interest was not paid in 15 days. The adversary complaint sought to recharacterize Nelson's claims as equity in RTI, to equitably subordinate Nelson's claims and interests to other interests in RTI, to transfer Nelson's liens into the RTI bankruptcy estate, and to recover $1,000,000 in damages from alleged breaches of Nelson's fiduciary duties as a director of RTI.

Defendant David Welch represented RTI in the bankruptcy proceeding; he is a partner in the Defendant law firm: Crane, Heyman, Simon, Welch & Clar.

Shortly after the initial petition was filed, Nelson moved for dismissal of the bankruptcy case on several grounds, including an argument that no Chapter 11 plan of reorganization could be effectuated and contentions that there was continuing loss to or diminution of the estate during the pendency of the bankruptcy proceedings, that RTI's assets and business were being mismanaged, and that the petition and case were filed in bad faith.  The bankruptcy court recharacterized $240,000 of debt to Nelson as equity in RTI but left the remaining amount as debt owed.  In light of this development, RTI represented to the court that it was incapable of reorganizing and consented to dismissal.

Thereafter, the adversary complaint and bankruptcy case were dismissed.  In conjunction with the dismissal, the bankruptcy case specified its view that Nelson had not shown the presence of any of the other three grounds advanced in support of dismissal.  The order read, "Present management has kept the Debtor's business stable and operations have shown progress and efficient operation. The filing of this bankruptcy was a rational reaction to Nelson's actions, and was partially successful. Therefore, the bankruptcy filing cannot be held to be in bad faith."  Nelson has since appealed the conclusion of the bankruptcy court that the filing was not in bad faith; cross appeals are pending before another judge in this district.

Immediately after the bankruptcy was dismissed, Nelson filed another action seeking appointment of a receiver and sale of RTI's assets pursuant to the Uniform Commercial Code. On March 20, 2007, the assets of the company were sold for $475,000 to Nelson. The complaint filed in this case states that the same amount was then paid to Nelson as the senior secured party. Nelson then requested and received a dismissal without prejudice of his remaining contract claims against RTI because they had become economically undesirable for him to continue to pursue.

On July 11, 2007, Nelson filed the instant suit in the Circuit Court of Cook County against Welch and his law firm. The complaint contended that Emerson and his wife Kathleen, another director of RTI, had breached their fiduciary duties to Nelson as a shareholder and creditor of the company. Neither of the Emersons are named as defendants; instead, Count One alleged that Welch and his firm conspired with the Emersons to achieve an unlawful goal (i.e., enrichment of the Emersons and the firm) by lawful means (i.e., the filing of the Chapter 11 bankruptcy). Count Two alleged that Welch, the firm, and the Emersons had tortiously interfered with RTI's performance of its loan contract with Nelson. Count III alleged that the bankruptcy was filed to personally benefit the Emersons rather than to reorganize the financial affairs of RTI for the benefit of its creditors. According to Nelson, by filing the Chapter 11 case, Welch and the firm engaged in abuse of process.

Welch and the firm timely removed the case to this court, asserting diversity jurisdiction, bankruptcy jurisdiction as conferred by 28 U.S.C. § 1334(b), and preemption. Approximately three weeks after the case was removed, Nelson filed a first amended complaint that contained only the conspiracy and tortious interference claims of its predecessor. Contemporaneously, he filed the instant motion to remand the case to state court on the ground that federal jurisdiction is not present. In the alternative, he asks that we abstain from presiding over the case.

## LEGAL STANDARD

If a civil action filed in state court is one over which the federal district courts have original jurisdiction, the defendant may remove the case to federal court. 28 U.S.C. § 1441. However, if later developments indicate that the court lacks subject matter jurisdiction, the case must be remanded to the state court from which it originated. 28 U.S.C. § 1447(c). The proponent of federal jurisdiction bears the burden of showing that it exists in a given case. *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). In removed cases, the burden thus falls on the defendant.

In the bankruptcy setting, abstention can be either mandatory or discretionary. 28 U.S.C. § 1334(c). It is mandatory if a party to a proceeding with a state-law foundation that is related to but does not arise under or in a bankruptcy case moves for abstention. 28 U.S.C. § 1334(c)(2). The court's jurisdiction must be premised solely

on the bankruptcy, and the case must be able to be timely adjudicated in a state court. *Id.* If mandatory abstention is not appropriate, a federal court can still abstain in its discretion in the interest of justice or the interest of comity. 28 U.S.C. § 1334(c)(1).

With these principles in mind, we turn to the instant motion.

## DISCUSSION

### A. Motion to Remand

For purposes of bankruptcy law, jurisdiction can be present if a case arises under, arises in, or relates to a bankruptcy case. "Arising under" jurisdiction is present when the right or remedy being sought is created by the Bankruptcy Code; "arising in" jurisdiction occurs when the proceeding, by its nature, can only exist within the bankruptcy context. *See Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990). An action is related to the bankruptcy if it affects the amount of money or property within the bankruptcy estate but does not arise under or in the bankruptcy case. *See In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987). According to Nelson, the state law claims asserted in his first amended complaint fall into none of these categories.

Even a brief review of the contents of the complaint as well as the facts recited above make it plain that Nelson's claims revolve around his assertion that Welch and his firm engaged in abuse of bankruptcy process, despite his deletion of the specific abuse of process count from the new complaint. A federal court has unequivocal

authority to prevent abuse of process in bankruptcy cases.  11 U.S.C. § 105.
Furthermore, a fraudulent or abusive bankruptcy filing must involve a bankruptcy case
and therefore can only occur in the context of the bankruptcy case.  The proper use of
the bankruptcy laws is an administrative matter that arises only in bankruptcy cases.
*In re Emerald*, 170 B.R. 632, 644 (Bankr. N.D. Ill. 1994).  In addition, even though they
are not parties to a bankruptcy proceeding, debtors' attorneys participate in the case in
ways that are "necessary to the administration of the estate." *Samuel C. Ennis & Co.,
Inc. v. Woodmar Realty*, 542 F.2d 45, 49 (7th Cir. 1976).

Despite Nelson's position that the claims he is raising are larger than the
bankruptcy and that actions taken by the Emersons and RTI before and after the
bankruptcy can be attributed to their attorneys,[1] there is no question that the central
focus is the bankruptcy action and conduct within it.  We look to the substance of a
complaint to determine whether jurisdiction is present; the substance of this complaint
revolves around the bankruptcy case, with other matters playing only minor roles.  This
case falls easily within the category of cases that by their nature can only exist within
the context of a bankruptcy proceeding, which places it firmly within the "arising in"
jurisdiction conferred upon this court by 28 U.S.C. § 1334(b).  As a result, the motion

---

[1]It is particularly odd, given Nelson's insistence that the overall scheme involved the Emersons and RTI, that Welch and his firm are the only defendants named in this case.

to remand is denied. In light of this conclusion, there is no need for us to consider the alternative argument raised by Welch and the firm that Nelson's claims are preempted by federal law.[2]

**B. Motion to Abstain Pursuant to 28 U.S.C. § 1334(c)**

Section 1334(c)(2) requires that a federal court abstain from hearing proceedings based on state law that are related to a bankruptcy case but that do not arise under or in the bankruptcy case. Nelson contends that this section mandates our abstention in this case, but our conclusion that "arising in" jurisdiction is present dictates otherwise. Abstention is not required in these circumstances.

In cases where abstention is not required, 28 U.S.C. § 1334(c)(1) affords federal courts the discretion to abstain from hearing proceedings within their bankruptcy jurisdiction, in the interest of justice, in the interest of comity with the state courts, or out of respect for state law. The discretion is present whether the proceeding arises under or in a bankruptcy case or is simply related to a bankruptcy. The thrust of Nelson's arguments in favor of our exercising this discretion is that because the underlying bankruptcy case has been resolved, this case can have no impact on the administration of the estate. We find these arguments unpersuasive; the allegations

---

[2]Welch and the firm concede that diversity jurisdiction, the third jurisdictional basis advanced in the removal petition, is not present.

Nelson levels go to the very integrity of the bankruptcy process that occurred. Moreover, the administration of future estates could be compromised by the effect on attorneys intimidated by the specter of after-the-fact litigation challenging the propriety of their conduct in representing a client in bankruptcy. Though this case may have little potential to affect an individual estate, decisions about alleged bankruptcy abuses impact the efficient and effective administration of the system as a whole. Thus, the interests of justice would not be advanced by our abstention, and our retention of this case will not significantly compromise the comparatively subordinate state law interests within Nelson's complaint.

## CONCLUSION

Based on the foregoing, the motion to remand or abstain is denied in its entirety.

_____
Charles P. Kocoras
United States District Judge

Dated:  December 4, 2007